## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**HOUSSAIN KETTANI,**

>   **Plaintiff,**

**vs.**                                      **CASE NO.: 8:18-cv-01205-MSS-JSS**

**FLORIDA POLYTECHNIC UNIVERSITY**

>   **Defendant.**
>   _____/

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW, the Florida Polytechnic University Board of Trustees ("University") by and through its undersigned counsel and pursuant to Rule 12(a), Federal Rules of Civil Procedure, hereby responds to Plaintiff Houssain Kettani's Complaint and Demand for Jury Trial ("Complaint"). With respect to each separately numbered paragraph of Plaintiff's Complaint, Defendant responds:

### PARTIES, JURISDICTION AND VENUE

1.     It is admitted this is an action for alleged damages in excess of $15,000.00. Defendant denies any wrongdoing and the existence of any damages.

2.     Defendant is without knowledge as to the allegations contained in paragraph 2.

3.     Defendant denies that it has always employed greater than 200 employees. Defendant admits the remainder of the allegations contained in paragraph 3.

4.     Defendant admits the allegations contained in paragraph 4.

5.     It is admitted that venue is proper in the Middle District of Florida because all of the events giving rise to these claims occurred in Polk County, Florida. Defendants deny they have violated any law and that Plaintiff is entitled to relief.

6.     Defendant admits the allegations contained in paragraph 6.

7.     Defendant neither admits nor denies the allegations contained in paragraph 7, as Plaintiff is asserting a legal right to appeal his Complaint.

## SATISFACTION OF CONDITIONS PRECEDENT

8.     Defendant only admits that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission. The allegations of paragraph 8 are otherwise denied.

9.     Defendant only admits that the EEOC issued Plaintiff a right-to-sue letter on or about December 19, 2017. The allegations of paragraph 9 are otherwise denied.

## THE NATURE OF THIS ACTION

10.     Defendant denies the allegations contained in paragraph 10.

11.     Defendant denies the allegations contained in paragraph 11.

2

12.    Defendant denies the allegations contained in paragraph 12.

13.    Defendant denies the allegations contained in paragraph 13.

14.    Defendant denies the allegations contained in paragraph 14.

15.    Defendant neither admits nor denies the allegations contained in paragraph 15, as Plaintiff is asserting a legal right to amend his Complaint.

### GENERAL ALLEGATIONS

16.    Defendant admits the allegations in paragraph 16.

17.    Defendant admits the allegations in paragraph 17.

18.    Defendant admits the allegations in paragraph 18.

19.    Defendant admits the allegations in paragraph 19.

20.    Defendant denies the allegations in paragraph 20.

21.    Defendant admits the allegations in paragraph 21.

22.    Defendant admits the allegations in paragraph 22.

23.    Defendant denies the allegations in paragraph 23.

24.    Defendant denies the allegations in paragraph 24.

25.    Defendant admits the allegations in paragraph 25.

26.    Defendant admits the allegations in paragraph 26.

27.    Defendant admits the allegations in paragraph 27.

28.    Defendant denies the allegations in paragraph 28.

29.    Defendant denies the allegations in paragraph 29.

30.   Defendant denies the allegations in paragraph 30.

## COUNT I – DISCRIMINATION IN VIOLATION OF THE CIVIL RIGHTS ACT OF 1964

31.   Defendant reasserts and incorporates by reference its responses to paragraphs 1 through 30 as if set forth fully herein.

32.   Defendant admits the allegations in paragraph 32.

33.   Defendant neither admits nor denies the allegations contained in paragraph 33, as Plaintiff is asserting a legal conclusion.

34.   Defendant neither admits nor denies the allegations contained in paragraph 34, as Plaintiff is asserting a legal conclusion.

35.   Defendant denies the allegations in paragraph 35.

36.   Defendant denies the allegations in paragraph 36.

37.   Defendant denies the allegations in paragraph 37.

38.   Defendant denies the allegations in paragraph 38.

39.   Defendant denies the allegations in paragraph 39.

40.   Defendant denies the allegations in paragraph 40.

41.   Defendant denies the allegations in paragraph 41.

42.   Defendant denies the allegations in paragraph 42.

43.   Defendant denies the allegations in paragraph 43.

44.   Defendant denies the allegations in paragraph 44.

45.   Defendant denies the allegations in paragraph 45.

46.   Defendant denies the allegations in paragraph 46.

47.   Defendant denies the allegations in paragraph 47.

48.   Defendant denies the allegations in paragraph 48.

49.   Defendant denies the allegations in paragraph 49.

50.   Defendant denies the allegations in paragraph 50.

51.   Defendant denies the allegations in paragraph 51.

## COUNT II – BREACH OF CONTRACT

52.   Defendant reasserts and incorporates by reference its responses to paragraphs 1 through 30 as if set forth fully herein.

53.   Defendant denies the allegations in paragraph 53.

54.   Defendant denies the allegations in paragraph 54.

55.   Defendant denies the allegations in paragraph 55.

56.   Defendant denies the allegations in paragraph 56.

57.   The "WHEREFORE" paragraph does not appear to warrant any express response, however out of an abundance of caution, Defendant denies all liability alleged therein.

## DEMAND FOR TRIAL BY JURY

Defendant acknowledges that Plaintiff is requesting a trial by jury, but denies that Plaintiff is entitled to a jury trial because Defendant denies that it violated any law and that Plaintiff is entitled to any relief.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff cannot establish *prima facie* cases of retaliation, discrimination or harassment under Chapter 760, Florida Statutes and/or Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e) *et seq.*, as amended by the Civil Rights Act of 1991. Plaintiff has failed to assert a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Even assuming *arguendo* that Plaintiff can establish *prima facie* cases of discrimination, disparate treatment, or harassment. Defendant can articulate legitimate and non-discriminatory reasons for any alleged adverse employment action regarding Plaintiff.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff failed to exhaust his administrative remedies prior to filing this action, the allegations in the Complaint fall outside the scope of any administrative charges Plaintiff filed, and/or Plaintiff otherwise failed to comply with the statutory prerequisites to the bringing of this action, therefore Plaintiff is precluded from maintaining this lawsuit.

6

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish that any alleged harassment was sufficiently severe and/or pervasive so as to constitute unlawful discrimination or harassment due to his race.

### FIFTH AFFIRMATIVE DEFENSE

At all times, Defendant maintained a comprehensive policy prohibiting all forms of discrimination and harassment, containing a complaint procedure to report such claims that was disseminated to Plaintiff.   Plaintiff failed to utilize the complaint procedure and complain of any such conduct, including, but not limited to, all allegations contained in Plaintiff's Complaint.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred because Defendant did not engage in the alleged discrimination, harassment, and did not subject Plaintiff to any disparate treatment as set forth in the Complaint, but even assuming for the sake of argument that they did, Defendant would have taken the same employment action in any event for legitimate, non-discriminatory, non-retaliatory, non-pretextual reasons.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate, or reasonably attempt to mitigate, his alleged damages, if any, as required by law.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims for alleged violations of Chapter 760, Florida Statutes, or Title VII are barred in whole or in part to the extent that Plaintiff's charge as filed with the EEOC did not encompass the alleged unlawful conduct about which he now complains.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff filed the Complaint in bad faith.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff has waived the right to pursue the Complaint, and each of its causes of action, by reason of his own actions and course of conduct.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, because Plaintiff unreasonably failed to report the alleged harassing or discriminatory misconduct, and/or take advantage of any preventative or corrective opportunities pursuant to the applicable anti-harassment policies provided by Defendant or to avoid harm otherwise.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant is not liable for Plaintiff's religious discrimination and hostile work environment claims because Plaintiff has not alleged that he experienced conduct

that would rise to a legally-cognizable level of hostility, or that to the extent Plaintiff reported harassing conduct, Defendant failed to take prompt, remedial action.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, because Defendant exercised reasonable care to prevent and promptly correct any alleged harassing, discriminatory, and/or retaliatory conduct, if any actually occurred.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant is not liable for Plaintiff's race discrimination and hostile work environment claims because Plaintiff has not alleged that he experienced conduct that would rise to a legally-cognizable level of hostility, or that to the extent Plaintiff reported harassing conduct, Defendant failed to take prompt, remedial action.

## FIFTEENTH AFFIRMATIVE DEFENSE

All employment actions taken by Defendant were taken for lawful and legitimate business reasons, and would have been taken absent, Plaintiff's alleged religious beliefs and/or alleged protected activity.

## SIXTEENTH AFFIRMATIVE DEFENSE

All employment actions taken by Defendant were taken for lawful and legitimate business reasons, and would have been taken absent, Plaintiff's race and/or alleged protected activity.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish a causal nexus between any alleged adverse action he claims to have experienced and any alleged protected activity he claims to have engaged in.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Any and all damages claimed by Plaintiff, if any damages have been incurred, are subject to applicable statutory caps.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state one or more claims upon which relief may be granted.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff failed to timely comply with conditions precedent and exhaust his administrative remedies with respect to any claims he is attempting to assert for religious discrimination, and retaliation.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, on grounds that some or all of the damages claimed by Plaintiff were brought about by reason of Plaintiff's own acts, actions, or negligence.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Any recovery on the Complaint may be barred, in whole or in part, due to after-acquired evidence.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendant is entitled to a set-off for any amounts received by Plaintiff from any other sources.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish a prima facie case for his alleged Breach of Contract claim.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's alleged Breach of Contract claim fails because no valid contract exists and/or was formed between Defendant and Plaintiff.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's alleged Breach of Contract claim, which assumes the existence of a valid and enforceable contract, fails as the requisite condition precedents of the alleged contract were not fulfilled.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged Breach of Contract claim, which assumes the existence of a valid and enforceable contract, fails as the alleged contract is unenforceable because there was no mutual assent to its necessary material terms.

11

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail, in whole or in part, because any alleged oral promises are barred by the statute of frauds.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, due to the doctrine of waiver.

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, due to the doctrine of unclean hands.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff has not alleged a sufficient factual and/or legal basis for his request for attorney's fees and/or costs.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Under applicable law, Defendant hereby notifies Plaintiff that it may seek costs and an award of attorney's fees in having to defend this litigation.

The University reserves the right to raise additional affirmative defenses that become available or arise during the litigation of this matter

Dated:       May 21, 2018                    Respectfully submitted,

                                             s/Mark L. Bonfanti
                                             Mark L. Bonfanti
                                             Florida Bar No.: 0010185
                                             Email: mbonfanti@anblaw.com
                                             ALLEN, NORTON & BLUE, P.A.
                                             906 North Monroe Street
                                             Tallahassee, Florida 32303
                                             (850) 561-3503 Phone
                                             (850) 561-0332 Facsimile
                                             Counsel for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of May 2018, I electronically filed

the foregoing with the Clerk of the Court by using the CM/ECF system, which will

send a notice of electronic filing to the following: Tark Aquadi, Esq., CAIR Florida,

Inc., 1507 S. Hiawassee Road, Suite 212, Orlando, Florida 32835.

                                             /s/ Mark L. Bonfanti
                                             ATTORNEY